FILED 10 AUG 10 10:08USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHARDAN INTERNATIONAL MARKETING, INC., | Civ. No. CV-09-529-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| HABAND COMPANY, INC., a foreign Corporation, and W.R. 9000 CORP., a foreign Corporation, | |
| Defendants. | |

W.R. 9000 CORP., a foreign Corporation,

    Third-Party Plaintiff,

    v.

SANDRA LEVINE and ALLEN LEVINE,

    Third-Party Defendants.

ACOSTA, Magistrate Judge:

*Introduction*

W.R. 9000 Corp. ("W.R. 9000") and Haband Company, Inc. ("Haband") move the court for dismissal of their respective cross-claims and third-party complaint against Sandra and Allen Levine (collectively "the Levines"). The motion is associated with the copyright infringement claim brought by SharDan International Marketing, Inc. ("SharDan") in 2009. SharDan's claims were resolved by a signed settlement agreement and subsequently were dismissed by this court. W.R. 9000 and Haband now move to dismiss with prejudice their respective cross-claims against one another. In addition, W.R. 9000 moves to dismiss, without prejudice, its third-party complaint against Sandra Levine and Allen Levine, and Haband moves to dismiss without prejudice, its cross-claims against the Levines. The Levines have not consented to voluntary dismissal of the third-party claims against them. The court should grant W.R. 9000 and Haband's joint motion for voluntary dismissal (#61) of their cross-claims and a third-party complaint under Fed. R. Civ. P. 41(a)(2) ("Rule 41(a)(2)").

*Background*

SharDan originally filed this action on May 13, 2009, alleging claims of copyright infringement against Haband. SharDan then amended its complaint on June 24, 2009, to allege copyright infringement against Haband and W.R. 9000. Haband and W.R. 9000 answered and filed cross-claims against one another for common law indemnification and contribution. Haband alleged a breach of contract cross-claim against W.R. 9000 as well. W.R. 9000 also filed a third-party complaint against the Levines alleging various claims, followed by Haband's cross-claim against the

Levines. Third-party defendants, the Levines, filed answers to the claims on January 12, 2010.

On February 25, 2010, SharDan, W.R. 9000, and Haband signed a settlement agreement resolving the copyright infringement claim. The parties agreed to stipulate dismissal of the action between them on the terms and conditions set forth in the Settlement Agreement. Haband and W.R. 9000 agreed to the dismissal of their respective cross-claims against each other, with prejudice, and without an award of attorney fees or costs to any party. The Settlement Agreement provided that W.R. 9000 would file with the court a stipulation and order of dismissal of its third-party action and Haband's cross-claims against the Levines, both without prejudice. W.R. 9000 and Haband intend to preserve any claims, causes of action, or demands by W.R. 9000 and Haband against the Levines arising out of or relating to the subject matter of this suit or Settlement Agreement.

The Levines declined to sign the Settlement Agreement. Allen Levine indicated on the phone to Mark Antar, attorney for W.R. 9000, that the Levines had read the Settlement Agreement but would not agree to the terms. On March 24, 2010, W.R. 9000 filed the motion to dismiss, seeking judicial intervention in the matter because of the refusal by the Levines to agree to Haband and W.R. 9000's voluntary dismissal of the action.

## *Discussion*

A party may request an action be dismissed by court order on terms the court considers proper. FED. R. CIV. P. 41(a)(2). The decision whether to grant voluntary dismissal under Rule 41(a)(2) is committed to the court's discretion. *Hamilton v. Firestone*, 679 F.2d 143, 145 (9th Cir. 1982). Voluntary dismissal should be denied only where the defendant will suffer legal prejudice from the decision. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Wastelands Water Dist.*

*v. United States*, 100 F.3d 94, 97 (1996). Legal prejudice does not include the prospect of facing a future lawsuit or "[u]ncertainty because a dispute remains unresolved." *Id.* at 96-97.

Both defendants stipulated to dismissal of their cross-claims against one another. Thus, the request for judicial intervention focuses on these defendants' respective claims against the Levines. As a third-party plaintiff, W.R. 9000 moves to dismiss the third-party claim against the Levines; Haband moves to dismiss its cross-claims against the Levines. The Levines have not filed a response to the motion or argued that they will face legal prejudice if the motion is granted. The court infers that the Levines have refused to agree to the Settlement Agreement because its terms provide for a dismissal as to them without prejudice. However, the prospect of a subsequent action against the Levines involving the same claims or stemming from the same operative facts is not enough to establish prejudice. Accordingly, the court in its discretion, should grant the motion to dismiss.

*Conclusion*

W.R. 9000's motion to dismiss (#61) cross-claims against Haband with prejudice and without an award of attorney fees or costs to any party consistent with the Settlement Agreement should be GRANTED. W.R. 9000's motion to dismiss third-party action against the Levines without prejudice and without an award of attorney fees or costs to any party consistent with the Settlement Agreement should be GRANTED.

Haband's motion to dismiss cross-claims against W.R. 9000 with prejudice and without an award of attorney fees or costs to any party consistent with the Settlement Agreement should be GRANTED. Haband's motion to dismiss cross-claims against the Levines without prejudice and without an award of attorney fees or costs to any party should be GRANTED.

<u>Scheduling Order</u>

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 25, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10th day of Aug, 2010.

JOHN V. ACOSTA
United States Magistrate Judge